IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE HARRELL-MOYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1265 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 28th day of July, 2014, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for supplemental security income on January 7, 2011, alleging a disability onset date of March 1, 2010, due to Crohn's disease, diabetes, nerve damage, high blood pressure and high cholesterol. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on June 26, 2012, at which plaintiff, represented by counsel, appeared and testified. On July 27, 2012, the ALJ issued an unfavorable decision finding that plaintiff is not disabled. On August 22, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). She has at least a high school education and has past relevant work as a school security guard, but she has not performed any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that while plaintiff suffers from the severe impairments of diabetes mellitus type II, irritable bowel syndrome, Crohn's disease, hypertension, status post left ring and middle finger fractures, chronic bilateral ulnar neuropathy at the elbows without active denervation, and status post bilateral cubital tunnel release surgeries, the medical evidence does not show that plaintiff's impairments, alone or in combination, meet or medically equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level except she cannot perform any overhead reaching or lifting. (R. 15). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual

functional capacity, including unarmed night guard, inspector and information clerk. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff contends that the medical evidence shows that she is disabled due to problems arising from Crohn's disease, diabetes, and the effects of elbow and finger surgeries. Upon review, this court is satisfied that the ALJ's finding that plaintiff is not disabled is supported by substantial evidence in the record.

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, she contends that the medical evidence shows that she is disabled and asserts that "three different doctors feel that I am unable to work." The court finds no error in the ALJ's analysis of the medical evidence.

Under the Social Security Regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight to which each opinion is entitled, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(c). Importantly, the opinion of any physician on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(d); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. Her extremely thorough decision expressly considers all of the relevant evidence from all of plaintiff's medical sources and provides a detailed analysis of that evidence, setting forth sufficient explanations for both the evidence she accepted as well as the evidence she rejected or discounted. (R. 16-20). In doing so, she specifically addressed the medical evidence from, *inter alia*: Dr. Schwartz, plaintiff's gastroenterologist; Dr. Speiss, plaintiff's orthopedic surgeon; Dr. Komerally, plaintiff's primary care physician; and Dr. Khan, who performed a consultative examination in March of 2011. (Id.) After considering the foregoing evidence, the ALJ decided to give significant weight to the assessments of Dr. Speiss and Dr. Khan that plaintiff can perform light work, but with no overhead reaching or lifting. (R. 19-20). The court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence as outlined in her decision.

To the extent plaintiff now contends that "three doctors feel that I am unable to work," that contention is belied by the record. First, a review of the medical evidence shows that no medical source, treating or otherwise, opined that plaintiff could not perform *any* work. Rather, Dr. Speiss (R. 360-67) and Dr. Khan (R. 298-308) both limited plaintiff to light work, and the ALJ gave their assessments significant weight.

Moreover, although Dr. Komerally opined that plaintiff's diabetes is uncontrolled and precludes her from performing her past relevant work as a security guard, the ALJ explicitly explained why she did not give significant weight to that opinion, noting that Dr. Komerally declined to assess plaintiff's functional capabilities, that this opinion is unsupported by medically acceptable clinical and laboratory diagnostic techniques and that it is inconsistent with the remaining objective evidence of record, which does not indicate disabling symptoms. (R. 17). However, in light of the other evidence of record, the ALJ nevertheless found at step 4 that plaintiff could not perform her past relevant work as a security guard and, in this regard, her decision is consistent with Dr. Komerally's opinion.

In sum, the ALJ did a thorough job in her decision in setting forth the relevant medical evidence and explaining why she rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's motion further alleges a number of limitations purportedly arising from her impairments that preclude her from working, including, *inter alia*, the need to use the restroom 6 or 7 times a day, uncontrollable diabetes, the inability to pick up more than 5 pounds and the inability to close her left hand all the way. However, plaintiff essentially made similar statements regarding the limiting effects of her impairments to the ALJ in her filings and at the hearing below,

and the ALJ found plaintiff's allegations to be not entirely credible. (R. 16). The court has reviewed the record and is satisfied that the ALJ's credibility determination also is supported by substantial evidence.

As required under the Regulations, in assessing plaintiff's credibility the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, as well as all of the other evidence of record. 20 C.F.R. §416.929(c); see also SSR 96-7p. The ALJ did a thorough job in her decision explaining why plaintiff's allegations of disabling subjective symptoms are not supported by the record, in particular by the objective medical findings. (R. 15-20). Based upon all of the evidence, the ALJ found plaintiff to be not entirely credible as to her allegations of completely debilitating symptoms and limitations. The court finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and limitations.

Furthermore, it is important to emphasize that the ALJ did not find plaintiff's subjective complaints entirely not credible. Rather, the decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from her impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in the residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence and is satisfied that it is.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Denise Harrell-Moye
1675 Jancey Street
Pittsburgh, PA 15206

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)